WILLIAM T. POWELL ET AL. V. WILLIAM BINNEY, JR.

FILED APRIL 21, 1898.   No. 8011.

Contract to Sell Realty: MEMORANDUM OF AGENT: CONSTRUCTION: SPECIFIC PERFORMANCE. In view of the facts that a real estate broker gave a memorandum in writing to one who thereon claims rights as a purchaser of real property, in which memorandum it was recited that the proposed sale was subject to the approval of the owner of the real property, and that from the entire evidence adduced in the case it was shown that there was a prompt

disapproval of said terms when submitted to the owner of the real property, it is *held* that the district court properly instructed the jury to return a verdict against said claimant.

ERROR from the district court of Wayne county.  Tried below before ROBINSON, J.  *Affirmed.*

*McNish & Oleson* and *A. A. Welch,* for plaintiffs in error.

*Frank M. Northrop* and *Northrop & Burdick, contra.*

RYAN, C.

William Binney, by an ejectment suit in the district court of Wayne county, sought to recover from William T. and E. C. Powell the possession of the north half of the northwest quarter of section 31, in township 25 north, range 5 east, 6th principal meridian, together with the rental value of the same during the time the possession thereof had been held by defendants.  There was a peremptory instruction to find for plaintiff and a judgment accordingly.  The questions urged in these proceedings arose upon the answer, whereby the defendants, constituting the partnership firm of Powell Bros., sought to enforce the performance of an alleged written contract, by the terms of which, as they alleged, plaintiff was bound to convey the above described real property upon payment to him of the balance of the purchase price.  There was a tender of this alleged balance and a prayer for a specific performance.  By reply issues were joined on the affirmative allegations of the answer.  William Binney, during the whole time in which the transactions which are involved in this case were taking place, was a resident of the state of Rhode Island.  For the management of his land in Iowa and Nebraska, of which he was the owner of several tracts, he had in his employ the partnership firm of Gilman, Son & Co. of the city of New York.  This firm had a correspondent in Sioux City, Iowa, through whom it transacted its business in disposing of real property situated in Iowa and Nebraska.  The name

of this correspondent was D. T. Gilman. It appears from the evidence that D. T. Gilman intrusted the partnership firm of Bressler & Dearborn with the transaction of certain real estate business in Wayne county, Nebraska. September 1, 1891, D. T. Gilman wrote Gilman, Son & Co. as follows: "I can sell to T. J. Kearns N. $\frac{1}{2}$, SW. $\frac{1}{4}$ and SW. $\frac{1}{4}$, SW. $\frac{1}{4}$, 31, 25, 5 E., 459 and 460, C. R. G., in Wayne county, Nebraska, at $17 per acre, if you will accept cash payment of $140 and wait till Jan. 1, '92, for balance of cash payment. We would not expect contract till Jan. 1." September 8, 1891, Gilman, Son & Co. wrote a letter to D. T. Gilman in which was this language: "We will sell at $17 tracts 459, 460, C. R. G., on terms named by you." October 7, 1891, John T. Bressler, for the firm of Bressler & Dearborn, wrote to D. T. Gilman as follows: "Kearns has failed to come to time on buying N. $\frac{1}{2}$ and SW. $\frac{1}{4}$ of NW. 31, 25, 5, so we have sold the same to W. T. Powell and E. C. Powell on the following terms: $200 cash; $400 and interest on the whole amount from Jan. 1st, 1892; $500 Jan. 1, '93; $500 Jan. 1st, 1894, and $500 Jan 1st, 1895. We inclose herewith ck. for $170, the cash payment less one-half fees, $30." October 14, 1891, D. T. Gilman wrote John T. Bressler thus: "Yours of 7th is at hand as to sale of N. $\frac{1}{2}$ NW. 31 and SW. $\frac{1}{4}$ NW. $\frac{1}{4}$ 31, 25, 5, to W. T. Powell and E. C. Powell. I take it we are to receipt for the $200 till Jany. 1, 1892, as a forfeit only and make cont. only if the $400 and int. are promptly paid."

Two members of the firm of Gilman, Son & Co. were examined as witnesses, as was also the plaintiff William Binney, and by the testimony of all three it was shown, without question, that the firm of Gilman, Son & Co. was never authorized to fix prices on the real property under its management. From the correspondence above quoted it is very evident that D. T. Gilman and the firm of Bressler & Dearborn acted on the assumption that any proposed sale must be approved to render it binding on William Binney. It is unnecessary to describe more fully the powers of these agents for a reason which will

be apparent from an examination of the memorandum given Powell Brothers and upon which their claim for relief was based, which memorandum was in this language:

"WAYNE, NEBR., October 6, 1891.

"Received from Powell Bros. two hundred dollars, cash payment on N. ½ and SW. ¼ of NW. ¼ of sec. 31, Tp. 25, R. 5 E., Wayne Co., sold him this day on following terms: Cash as above $200; Jan. 1st, 1892, $400 and interest to that date; Jan. 1893, $500 int.; Jan. 1st, 1894, $500 and int., and Jan. 1st, 1895, $500 and int. All payments to draw interest at 8 per cent. Subject to approval of owners.

"$200.                          BRESSLER & DEARBORN."

There was evidence tending to show that this offer was rejected by Binney, for there was proof that the above described $200, together with $409, afterwards collected and forwarded by Bressler & Dearborn, were returned to the firm last named between February 2 and February 10, 1892. On the date last named this money was sent to Powell Bros., but the letter containing the remittance came back unopened to Bressler & Dearborn. This money was then sent to a bank at Wisner to be returned to Powell Bros., but the members of that firm, on the trial, denied having received it. There was complaint in argument of a ruling which permitted the introduction of testimony that the wife of one of the members of the firm of Powell Bros. was notified that the proposed sale had been disapproved. In view of the fact that the memorandum, upon which the firm of Powell Bros. predicates its claim, recited that the proposed sale was subject to the approval of the owner we cannot see that there was any impropriety in showing what efforts Bressler & Dearborn made use of to apprise Powell Bros. of the rejection of the offer made to the owner. It is not as though there was a consummated bargain of which one party sought a rescission. It was a mere inchoate contract dependent upon acceptance to render it binding and the burden of

showing such acceptance was on Powell Bros.  In this there was not only a failure, but there was affirmative proof of a prompt rejection of the terms proposed.  The district court therefore, in view of the undisputed facts, very properly directed a verdict for plaintiff, and its judgment is accordingly

AFFIRMED.